In Re: Appeal of the American College From the Decision of the Board of Assessment Appeals of Delaware County Relating to Property Located at 270 Bryn Mawr Avenue, Radnor Township, Delaware County, Pennsylvania. Delaware County, Radnor Township and Radnor Township School District, Appellants.

Argued September 12, 1985, before Judges CRAIG and MacPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Henry B. Fitzpatrick, Jr., Liebert, Short, Fitzpatrick & Hirshland,* for appellants.

*William H. Lowery,* with him, *John P. Luneau, Dechert, Price & Rhoads,* for appellee.

OPINION BY JUDGE MACPHAIL, October 22, 1985:

Appellants[1] appeal here from an order of the Court of Common Pleas of Delaware County[2] granting the motion of American College[3] (College) to postpone its obligation to pay taxes. College moves to quash the appeal. We will deny the motion to quash and vacate the order which is the subject of this appeal.

## *Procedural History*[4]

College, a Pennsylvania non-profit corporation, owns 34.49 acres of land in Radnor Township, Delaware County, Pa. College avers that it is operated exclusively for educational purposes. On June 28, 1974, College and Appellants entered into an agreement by the terms of which College agreed to pay certain stipulated sums to each of the Appellants in lieu of real estate taxes. The effect of the agreement was to exempt College from real estate taxes. On

---

[1] Radnor Township, Radnor Township School District and Delaware County.

[2] The complete text of the order is as follows:

AND Now, this 22nd day of May, 1985, after Oral Argument on Appellant's Motion to Order Postponement of Obligation to Pay Taxes, and after consideration of the Memoranda of Law in support of and in opposition to the Motion, it is hereby ORDERED and DECREED that Appellant shall retain its exemption from real estate taxes until further Order of this Court, that Appellant shall continue to make payments to Respondents under the terms of the Agreement of June 28, 1974 between Appellant and Respondents until further Order of this Court and that, in the event the Court determines that Appellant is not exempt from real estate taxes, the payments hereafter made by Appellant under the Agreement shall be credited against taxes as they may be subsequently determined to be due.

[3] There is some indication that the legal name of the College is The American College of Life Underwriters.

[4] The factual background is taken from College's motion which is the subject of this appeal.

July 20, 1984, the Delaware County Board of Assessment notified College that its real estate had been assessed in the amount of $1,150,000. College appealed the assessment to the Board of Assessment Appeals of Delaware County (Board) which denied that appeal. College then appealed to the Court of Common Pleas of Delaware County.

While that appeal was pending and before any hearing was held, College filed a "Motion to Order Postponement of Obligation to Pay Taxes, or in the Alternative, to Authorize Payment of Taxes into the Court of Common Pleas of Delaware County." After hearing oral argument, the Court of Common Pleas entered the order which is the subject of the instant appeal.

## Motion to Quash

College contends that the order is interlocutory and that it does not fall within any of the provisions of Pa. R.A.P. 311 which permit an appeal as of right from an interlocutory order. Appellants argue that the order is in the nature of a preliminary injunction and is appealable under the provisions of Pa. R.A.P. 311(a)(4).[5]

Our disposition of the motion to quash requires an analysis of the purpose and effect of the trial court's order. It will be noted that the order does several things. It directs (1) that College shall retain its tax exemption pending the outcome of its appeal; (2) that College shall continue making payments pursuant to the 1974 agreement; and (3) that in the

---

[5] Rule 311(a)(4) reads as follows:

    (a) *General Rule.* Except as otherwise prescribed by General Rule, an appeal may be taken as of right from:

    . . . .

    (4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

event it is determined that College is not tax exempt, all payments made by College pursuant to the 1974 agreement shall be credited to its liability for taxes. College notes that there is no action in equity pending before the trial court and that the order is not labeled as a preliminary injunction. It contends that the order is not injunctive in nature because all it does is preserve the status quo. Citing language from *McMullan v. Wohlgemuth,* 444 Pa. 563, 281 A.2d 836 (1971), Appellants counter that that is exactly what a preliminary injunction is intended to do—maintain the status quo until the rights of the parties have been determined.

Whether or not an order is entitled "preliminary injunction" does not, of course, determine what it is in fact, and even though there is no underlying action in equity, if the effect of a court order is to restrain a party from exercising its legal or equitable rights, such order is injunctive in nature. Appellants here contend that the court order precludes them from collecting taxes as they are authorized to do under the provisions of Section 518.1 of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-518.1.

We agree with Appellants that notwithstanding the interlocutory nature of the trial court's order, the order has the effect of a preliminary injunction and is appealable as of right under Pa. R.A.P. 311 (a)(4).

We, therefore, will deny the motion to quash.

### Validity of Trial Court's Order

As we have noted, the gravamen of the proceedings before the trial court was College's appeal from a tax assessment which makes its formerly tax exempt real estate subject to county, school and township taxes. It is clear that although College was once

totally exempt from the payment of taxes, the Board did assess College's real estate on or about July 20, 1984 and College has been billed for taxes pursuant to that assessment.

College's appeal to the court of common pleas is governed by Section 518.1 of the Law which states in pertinent part:

> [a]ny owner of real estate . . . in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the county commissioners . . . to the court and, thereupon, the court shall proceed at the earliest convenient time to be by them appointed . . . to hear the said appeal and the proofs in the case and to make such orders and decrees touching the matter complained of as to the judges of said court may seem just and equitable. . . . *Provided, however, That the appeal shall not prevent the collection of the taxes complained of,* but in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same. . . . (Emphasis added.)

It is further provided in the Law that the taxing district in such appeals is required to segregate 25% of the amount of tax paid over which may not be expended without prior court approval until final disposition of the tax appeal.

A preliminary injunction may be entered where the party seeking it establishes in an evidentiary hearing that it is necessary to prevent immediate and irreparable harm not compensable in damages, that greater harm would result from denying it than from granting it and that the right to it is clear. *Pennsylvania Interscholastic Athletic Association,*

*Inc. v. Greater Johnstown School District,* 76 Pa. Commonwealth Ct. 65, 463 A.2d 1198 (1983).

We have already noted that there has been no evidentiary hearing in this case. We, moreover, are well satisfied that College's right to withhold the payment of taxes pending disposition of its appeal is far from clear.

In the trial court's memorandum opinion in support of his order, the learned trial judge holds that the legislative intent behind Section 518.1 of the Law is to make its provisions apply only to those cases where there is an increase in the tax assessment as opposed to the termination of a tax exempt status. We respectfully disagree. We can find nothing in Section 518.1 which expressly or impliedly so restricts the invocation of its provisions. To the contrary, the statute talks in terms of *"any* owner of real estate" and *"any* future assessment or valuation of his real estate *or* taxable property". (Emphasis added.) Such language imports to us that the statute envisions the valuation of real estate whether or not previously taxable. Had the legislature intended to provide for a separate procedure for the removal of real estate exempt from taxation under the provisions of Section 204 of the Law, 72 P.S. §5020-204, it certainly could have done so. In the absence of such special provisions, we believe the intent of the legislature was to include any real estate which is assessed for the first time whether or not previously exempt, within the provisions of Section 518.1. While an increase from a zero assessment to $1,150,000 is substantial and the economic implications thereof are likewise substantial, we do not believe that that is a sufficient basis to hold that the law need not be followed.

We come finally to the agreement of 1974. It is not for us to determine at this time whether that

agreement in any way forecloses Appellants from assessing College's real estate. That is for the trial court to determine in the appeal now before it. We do hold, however, that the existence of that agreement cannot be used by the court or the College to prohibit Appellants from collecting taxes as they are authorized to do by Section 518.1.

College argues that the trial court's order is valid because it is ancillary to the tax appeal. Even if we were to agree that the trial court would have authority to enter an ancillary order in a tax appeal without any other underlying action, we, nevertheless, would be compelled to hold that such ancillary order could not contravene the express provisions of a statute.

Finding no basis in law or equity upon which the order appealed from can be supported, we will vacate the order of the trial court.

ORDER

The motion of American College to quash the appeal is denied. The order of the Court of Common Pleas of Delaware County, dated May 22, 1985, is hereby vacated.